IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **Wake County Board of Education**, <br><br> Plaintiff, <br><br> v. <br><br> **S.K.** by and through her parent R.K., <br><br> Defendant. <br> **Rhonda K.**, individually and on behalf of her minor child, S.K. <br><br> Plaintiff, <br><br> v. <br><br> **Wake County Board of Education**, <br><br> Defendant. | No. 5:19-cv-00497-BO <br><br><br><br><br><br><br><br><br> No. 5:19-cv-00497-BO |

**Order on Motion for Leave to Submit Additional Evidence**

Defendant Rhonda K. believes that the Wake County Board of Education has not provided her son, S.K., with all the rights he is entitled to under the Individuals with Disabilities in Education Improvement Act (IDEA). Both parties disagreed with some aspects of the decision by state officials, so they have sought review in this court. Depending on how the district court chooses to proceed with the appeal, the parties may need to present evidence to the court about the claims dismissed early in the state administrative proceeding. But there is no guarantee that the district court will choose to address those dismissed claims. While the court could wait until later in this proceeding to resolve this issue, in the interest of efficiency the court will outline the process for obtaining and presenting additional evidence if it becomes necessary.

I.  Background

This case originated at the state level, where R.K. alleged that the Board failed to meet her child's educational and social needs. Mem. in Resp. at 2, D.E. 31. In response to a motion from the Board, a state Administrative Law Judge dismissed several of R.K.'s claims after a motion from the Board. 3 Official R. at 179, D.E. 18–12. As a result of their dismissal, neither party presented evidence on those claims. *Id.*

Eventually, R.K. appealed the ALJ's decision to a State Review Officer. The SRO decided that the ALJ incorrectly dismissed R.K.'s claims and remanded the matter for further proceedings. 7 Official R. at 95–189, 8 Official R. at 1–141, D.E. 18–18. But due to subject matter jurisdiction concerns, the ALJ declined the remand. 8 Official R. at 154. After completing the state administrative process, both parties sought review in federal court.

The issue of whether the ALJ properly dismissed S.K.'s claims is one of the issues on appeal. It is possible, but by no means certain, that the district court may resurrect these dismissed claims and consider them directly. The parties agree that they would need to present evidence on these claims if the court revives them. But they disagree over whether the court should address this issue now or wait until the court decides what it will do with the dismissed claims.

II. Discussion

The Board has requested that the court allow both parties to present additional evidence to support its position if the district court revives the dismissed claims. It claims that under 20 U.S.C. § 1415(i)(2)(C)(ii), parties can, under the right circumstances, present evidence to a federal court that they did not present in the state administrative proceeding. One of those circumstances is when the evidence "was not available during the administrative review process,". *Springer* v. *Fairfax Cty. Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1998).

The ALJ's decision to dismiss the claims precluded the parties from presenting evidence on them. So if this court decides to consider the dismissed claims, there would be nothing in the administrative record to inform its decision. Thus, this case presents one of the occasions when it is appropriate to consider more evidence.

R.K. correctly notes that it is unclear at this point whether any other evidence will be necessary. The court may find that the ALJ made the correct decision or that it is appropriate to have the state administrative process consider the claims before this court weighs in. But if the court waits until after it addresses the propriety of the dismissal to address this question, it will lead to more delays as the parties re-brief a matter that is before the court now. The interests of efficiency and judicial economy support deciding the issue now. Thus the court will grant the motion while keeping in mind that the ultimate need for the presentation of evidence on the dismissed claims is unclear.

### III. Conclusion

The Board's motion is granted. If the court decides that it will address the dismissed claims directly, the parties must meet and confer to develop a proposed case management order that provides for the duration and scope of any discovery. The proposed case management order should also address how the parties anticipate presenting additional evidence and argument to the court. They must submit the proposal no later than 14 days after the court's order reviving the dismissed claims and declining to remand them. If the parties cannot agree on the terms of the proposed case management order, they should submit competing plans in one joint document and the court will resolve any disagreements.

Dated: July 1, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge